F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 11 2020 ★

LONG ISLAND OFFICE

CCC:MEM
F. #2019R01618

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

DAYNA TUSA,

     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No. **CR 20 130**
(T. 21, U.S.C., §§ 841(b)(1)(A)(ii)(II),
841(b)(1)(A)(iii), 841(b)(1)(B)(i), 846, 853(a)
and 853(p); T. 18, U.S.C., §§ 3551 et seq.)

**HURLEY, J.**
**TOMLINSON, M.J.**

THE GRAND JURY CHARGES:

CONSPIRACY TO DISTRIBUTE AND POSSESS
WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES

   1. In or about and between February 2014 and February 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DAYNA TUSA, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing cocaine, a Schedule II controlled substance; (b) a substance containing cocaine base, a Schedule II controlled substance; and (c) a substance containing heroin, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1). The amount of cocaine, cocaine base and heroin involved in the conspiracy attributable to the defendant as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, was (a) five kilograms or more of a

2

substance containing cocaine; (b) 280 grams or more of a substance containing cocaine base; and (c) 100 grams or more of a substance containing heroin.

(Title 21, United States Code, Sections 846, 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(iii) and 841(b)(1)(B)(i); Title 18, United States Code, Sections 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

2.   The United States hereby gives notice to the defendant that, upon her conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as a result of such offenses; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

3.   If any of the above-described forfeitable property, as a result of an act or omission of the defendant:

    (a)   cannot be located upon the exercise of due diligence;

    (b)   has been transferred or sold to, or deposited with, a third party;

    (c)   has been placed beyond the jurisdiction of the court;

3

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

   (Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

_____
FOREPERSON

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

F.#: 2019R01618
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

DAYNA TUSA,

Defendant.

# INDICTMENT

(T. 21, U.S.C., §§ 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(iii), 841(b)(1)(B)(i), 846, 853(a) and 853(p); T. 18, U.S.C., §§ 3551 et seq.)

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20*_____

_____
*Clerk*

*Bail, $* _____

*Christopher C. Caffarone, Assistant U.S. Attorney (631) 715-7868*
*Mark E. Misorek, Assistant U.S. Attorney (631) 715-7874*